## COMMONWEALTH OF PENNSYLVANIA ex rel. OLIVER v. ASHE, Warden.

### No. 127.

District Court, W. D. Pennsylvania.

March 7, 1945.

GIBSON, District Judge.

The relator did not file his petition for a writ of habeas corpus in the clerk's office, but mailed it directly to a judge of this court, with the result that it evidently was confused with other papers.

The petition discloses the fact that he is confined under a commitment of the Court of Oyer and Terminer of Allegheny Coun-

ty, Pennsylvania. He was indicted in that court under the name of Louis Toliver, alias Charles Oliver.

This court may entertain writs of habeas corpus in cases of prisoners in custody under a state court commitment only under very exceptional circumstances. With a view to determine whether such circumstances existed, and the petition being lacking in allegations as to whether state court jurisdiction had been exhausted, I was compelled to make some investigation as to proceedings in that court. That investigation developed that after sentence in the Court of Oyer and Terminer the petitioner, under name of Louis Toliver, had taken the matter to the Superior Court of Pennsylvania twice, before the Supreme Court of Pennsylvania, and from the judgment of that court dismissing his petition for habeas corpus, he sought a writ of certiorari from the Supreme Court of the United States, which was refused.

The underlying reason assigned for the issuance of the writ in each case was the same. It appeared from the record in the state court cases that the petitioner was imprisoned under a commitment which was not in dispute and under which the maximum sentence had not expired, and that the confinement alleged to be wrongful was under a sentence which had not yet taken effect. By the petition it appears that this condition as to the prematurity of the petition still exists.

The petitioner has exhausted all grounds for the issuance of a writ of habeas corpus and his petition will be refused.